## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**DARRYL JACKSON**                                                                          **PLAINTIFF**
**ADC #76647**

**V.**                            **CASE NO.: 5:10CV000078 SWW/BD**

**M. AUSTIN, et al.**                                                                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Judge Susan W. Wright.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this recommendation.  A copy will be furnished

to the opposing party.  Failure to file timely objections may result in a waiver of the right

to appeal questions of fact.

Mail your objections and/or request for a hearing to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

II.     **Introduction:**

On March 24, 2010, Plaintiff, an inmate at the Arkansas Department of Correction

("ADC"), filed his Complaint in this action under 42 U.S.C. § 1983 (docket entry #2) and

submitted an Application for Leave to Proceed *In Forma Pauperis* (#1).  In his

Complaint, Plaintiff claims that Defendants acted with deliberate indifference to his

serious medical needs.  Specifically, Plaintiff complains that, during his incarceration at

the ADC, Defendants have refused to provide him tinted lenses for his eye glasses to

prevent him from suffering from migraines.  Plaintiff requests money damages and names

as Defendants: M. Austin, Wendy Kelley, Ray Hobbs, Dr. McKenzie, S. Byer, and Larry

Norris.

The Court recommends that Plaintiff's Complaint be dismissed in its entirety and

that his Application for Leave to Proceed *In Forma Pauperis* be (#1) be DENIED as

moot.

III.    **Discussion:**

A.      Standard

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the

conduct of a defendant acting under color of state law deprived him of a right, privilege,

or immunity secured by the United States Constitution or by laws of the United States.

42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint

must contain sufficient factual matter to "state a claim to relief that is plausible on its

2

face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility

when the pleaded factual content allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a

plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by

lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still

must assert facts sufficient to state a claim as a matter of law.  *Martin v. Sargent*, 780

F.2d 1334, 1337 (8th Cir. 1985).

B.      Deliberate Indifference

Here, Plaintiff claims that before his entry into the ADC in 1989, his "free world"

optometrist prescribed tinted lenses for his eye glasses to prevent him from suffering from

severe headaches.  Plaintiff complains that on July 29, 2009, Defendant Byer examined

Plaintiff and informed him that the optometrist found no reason to prescribe Plaintiff

tinted lenses.[1]  Plaintiff states that Defendants Austin and Kelley agreed with that

---

[1] Based upon Plaintiff's allegations, the Court will assume that the optometrist
Plaintiff is referring to is Defendant McKenzie.  In his Complaint, Plaintiff states,
"[Wendy Kelley] only stated what the infirmary said and what was said by Dr.
[Mc]Kenzie." (#2 at p.5)  Plaintiff does not make any other references to Defendant
McKenzie in his Complaint.  Because Plaintiff does not attribute unconstitutional conduct
to this Defendant and does not state how Defendant McKenzie caused him to suffer
injury, Plaintiff's claims against this Defendant fail.

recommendation. Plaintiff has failed to state a constitutional claim against any of the named Defendants.

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003). Deliberate indifference by prison personnel to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009).

In order to establish a claim for deliberate indifference to a serious medical need, a plaintiff must demonstrate (1) that he suffered from an objectively serious medical need, and (2) that prison officials actually knew of, but deliberately disregarded, that need. *Vaughn v. Gray*, 557 F.3d 904 (8th Cir. 2009). Disagreement with treatment decisions does not rise to the level of a constitutional violation. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

The Court is hesitant to conclude that Plaintiff suffers from a serious medical need. However, assuming Plaintiff's headaches do constitute a serious medical need, it appears from the allegations in his Complaint that, at most, Plaintiff has requested, but has been denied, a specific course of treatment. Unfortunately for Plaintiff, he has no constitutional right to receive a particular or requested course of treatment. *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).

4

In addition, Plaintiff fails to allege that he has sustained any actual injury as a result of any alleged delay in treatment.  See *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994) (delay in treatment claims require evidence that defendants ignored an acute or escalating situation or that the delays adversely affected the prognosis).  Plaintiff does not allege that he has suffered any actual injury as a result of having to wear non-tinted lenses since his request was denied in July 2009.  Accordingly, Plaintiff's claims against these Defendants fail.

      C.     Defendants Norris and Hobbs

As to Defendant Norris, Plaintiff states in his Complaint only that Defendant Norris was "Director at the time of the Complaint."  Defendant Hobbs is listed as "Director" in the Complaint.  Plaintiff does not include any factual allegations against either of these Defendants; nor does Plaintiff attribute any unconstitutional conduct to either of these Defendants.  Because Plaintiff fails to allege that these individuals were responsible for any injury as a result of unconstitutional conduct, his claims against these Defendants fail.  See *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner must allege a defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).

**IV.     Conclusion:**

The Court recommends that Plaintiff's claims be dismissed without prejudice and that his Application for Leave to Proceed *In Forma Pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the Court certify that an appeal of this matter would be frivolous and not be taken in good faith.

DATED this 30th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE